UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| FRANK J. ARATA V, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| NAMA, LLC, | ) ) ) | Jury Trial Demanded |
| Defendant. | ) ) ) | |

## COMPLAINT

Comes now the Plaintiff, by and through the counsel, and complaining of the Defendant, alleges as follows:

## NATURE OF COMPLAINT

1. This is an action seeking damages against Defendant for violation of Plaintiff's rights protected by the Fair Labor Standards Act of 1938, 29 U.S.C. §203 et. seq.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Frank J. Arata V, is a citizen and resident of Knoxville, Knox County, Tennessee.

3. Defendant, Nama, LLC, is a Tennessee Limited Liability Company and may be served with process through its registered agent, Steven A. McSween, 900 S. Gay Street, Floor 14, Knoxville, Tennessee 37902-1810.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as there are issues of Federal Law.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c) as Defendant is subject to the personal jurisdiction of this Court, and because the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

6. Plaintiff, FRANK J. ARATA V (hereinafter "ARATA" or "Plaintiff"), has been employed by Defendant, NAMA, LLC (hereinafter "NAMA" or "Defendant"), since August 27, 2018 as a server.

7. Defendant was an "employer" at all times relevant to this Complaint, as defined by 42 U.S.C. 2000e(b).

8. Plaintiff was initially paid an hourly wage of $2.13, instead of Tennessee's minimum wage, as Defendant claimed a tip credit under 29 U.S.C. § 203(m).

9. As part of his employment, Plaintiff was required to participate in a tip pool, paying out at least 20% of his weekly tipped earnings to other employees.

10. This tip pool was shared with non-tipped "back of the house" employees, including the hot line cooks and dishwashers, among others.

11. On July 23, 2019, Plaintiff emailed his supervisor, David Bruce, to advise him that the tip pool was unlawful pursuant to the Fair Labor Standards Act.

12. From July 23, 2019 until his termination on September 20, 2019, Plaintiff remained in regular communication with Bruce and told Bruce multiple times that the tip pool was unlawful, including via text message.

13. On or about August 9, 2019, Bruce increased Plaintiff's pay to $5.00 per hour because of his concerns about the unlawful tip pool. However, $5.00 per hour was still below the then existing minimum wage.

14. On September 18, 2019, David Bruce advised that Plaintiff's pay was being changed back to $2.13 per hour because Plaintiff had discussed pay matters and his increased pay with other employees i.e. the unlawful tip pool.

15. Two days later, on September 20, 2019, Defendant terminated Plaintiff's employment by Bruce, who said "I spoke to the managers last night and it's best for all parties to part ways."

16. Nama alleged that Plaintiff refused to work which led to a mutual "parting" of the ways.

17. However, when he learned that Bruce alleged he quit, Plaintiff promptly advised that he had not quit and was ready to work.

18. Bruce refused to return Plaintiff back to work.

## FIRST CLAIM FOR RELIEF
### (Wage Violation under the Fair Labor Standards Act, 29 U.S.C. §203 et. seq.)

19. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint.

20. Under The Fair Labor Standards Act (hereinafter referred to as the "FLSA"), an employer may only take a "tip credit" for the wages of tipped employees, as defined in 29 U.S.C. § 203(t). 29 U.S.C. § 203(m).

21. A tipped employee is an "employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

22. The only employees who should participate in a tip pool are those who customarily and regularly receive tips. 29 CFR 531.52.

23. Absolutely no managers or supervisors are allowed to participate in the tip pool and keep any portion of employees' tips. 29 U.S.C. § 203(m)(2)(B).

24. Defendant's tip pool was illegal, as it allowed managers and/or supervisors and persons who did not customarily and regularly receive tips to participate in it and obtain compensation from it.

25. Plaintiff was damaged when he was illegally required to contribute his earned tips into a pool that included managers and/or supervisors and persons who did not customarily and regularly receive tips.

26. Therefore, Plaintiff sues Defendant for its violation of 29 U.S.C. § 200 et. seq.

**SECOND CLAIM FOR RELIEF**
**(Retaliation under The Fair Labor Standards Act of 1938, 29 U.S.C. § 200 et. seq.)**

27. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 of this Complaint.

28. Plaintiff complained to Defendant about the unlawful tip pooling in an email to his supervisor on July 23, 2019.

29. Plaintiff's complaint to Defendant constitutes legally protected activity under the FLSA. 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 218c(a).

30. Defendant's termination of Plaintiff was due to his legally protected activity and was unlawful retaliation.

31. Any of Defendant's purported reasons for Plaintiff's treatment are mere pretext to cover for its unlawful retaliation.

32. Defendant's retaliation against Plaintiff for engaging in legally protected activities violated Plaintiff's rights under The Fair Labor Standards Act of 1938, 29 U.S.C. § 200, et. seq.

33. Defendant's treatment towards Plaintiff in violation of the FLSA has caused Plaintiff injuries including but not limited to pecuniary damages, and emotional distress, mental pain, suffering, stress, grief, worry and mental anguish.

34. Therefore, Plaintiff sues Defendant for unlawful retaliation in violation of The Fair Labor Standards Act of 1938, 29 U.S.C. § 200, et. seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1. The Court enter a judgment in favor of Plaintiff and against Defendant to include compensation for pecuniary damages including, as appropriate lost wages, lost benefits, and other economic losses that were proximately caused by the unlawful actions referenced herein.

2. The Court enter an award in favor of Plaintiff and against Defendant for liquidated damages.

3. The Court enter an award in favor of Plaintiff and against Defendant to include great emotional distress, mental pain, suffering, stress, grief, worry, and mental anguish caused by Defendant's actions as alleged herein.

4. The Court enter an award in favor of Plaintiff and against Defendant for reasonable expenses and costs, including attorneys' fees.

5. This matter be tried by a jury.

6. The judgment bear interest at the legal rate from the date of filing this action until paid.

7. Defendant be taxed with the costs of this action; and

8. The Court order such other and further relief as it may deem just and proper.

Respectfully submitted, this the 16th day of October, 2020.

By: **/s/ KIRK J. ANGEL**
Kirk J. Angel NCSB#: 33559
THE ANGEL LAW FIRM, PLLC
1036 Branchview Drive NE, Ste. 102
Concord NC 28025
PO Box 1296 (28026)
Telephone: 704.706.9292
Facsimile: 704.973.7859
E-mail: kirk@mailalf.com
*Attorney for the Plaintiff*